IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CORETTA BRANCH**, individually and on behalf of all others similarly-situated, : : : | |
| Plaintiff, : : | |
| v. : : | CIVIL ACTION NO.: |
| **BRIGHTER DAY HEALTH, LLC d/b/a MEDITELECARE**, : : : | |
| Defendants. : | |

## FLSA COLLECTIVE ACTION COMPLAINT

Plaintiff, Coretta Branch, individually and on behalf of all other similarly-situated current and former employees of Defendants, Brighter Day Health, LLC and MediTelecare (collectively referred to as "Defendants"), brings this collective action and alleges as follows:

### I. OVERVIEW

1. This is a collective action brought by Plaintiff on behalf of herself and all other similarly-situated telehealth facilitators, including but not limited to, behavioral health liaisons, service coordinators, patient care facilitators, certified nursing assistants, licensed nursing assistants and emergency medical technicians, retained by Defendants as independent contractors to assist in setting up patient visits via telehealth technology and/or support clinicians in patient care. Plaintiff seeks relief under the Fair Labor Standards Act for, *inter alia* unpaid overtime wages, liquidated damages, interest, costs, attorneys' fees and all other damages available under law.

## II. THE PARTIES

**Plaintiff**

2. Plaintiff Coretta Branch is a citizen of the United States, domiciled in Vidalia, Louisiana, and was employed by Defendants from February, 2017 to November, 2017 as a telehealth facilitator, specifically a Behavioral Health Liaison, which was sometimes referred to as a Service Coordinator.

3. Plaintiff was an "employee" of Defendants as defined by 29 U.S.C. § 201(e)(1).

4. Plaintiff alleges that she and other telehealth facilitators were misclassified as independent contractors while employed by Defendants.

5. Plaintiff periodically worked over forty (40) hours in a workweek. On occasion, Plaintiff was denied one and one-half times her regular rate of pay for all hours worked over forty (40) in a workweek because she, along with other telehealth facilitators, were classified as independent contractors.

6. As an example, during the week month of September 2017, Plaintiff worked one hundred seventy eight (178) hours. Despite working overtime during this period, Plaintiff was not paid an overtime premium.

**Defendant**

7. Brighter Day Health, LLC ("BDH") is a Texas limited liability company with its principal place of business located at 417 Lido Way NE, Saint Petersburg, Florida 33704.

8. During Plaintiff's employment, BDH maintained an office at 2400 Augusta Drive, Houston Texas 77057. BDH exercised managerial and/or administrative control from the Houston office.

9. Upon information and belief, MediTelecare acquired BDH, or is the successor entity of BDH. Alternatively, BDH is currently operating under the MediTelecare trade name and/or is doing business under that name.

10. Upon information and belief, MediTelecare is a Connecticut legal entity with its principal place of business located at 169 Main Street, Middletown, Connecticut 06457.

11. Defendants provide telehealth services in numerous states including Texas, Mississippi, Vermont, Maine, New Hampshire, Kentucky, Ohio, Virginia, Iowa, Kansas, West Virginia, Nebraska, Missouri, Minnesota and Oklahoma.

12. At all relevevant times, Defendants were, and have been, "employers" of Plaintiff and all similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendants are "enterprises" as that term is defined by the FLSA, 29 U.S.C. §203(r)(1), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1).

14. On information and belief, Defendants have annual revenue that exceeds $500,000.00 for all years relevant to this matter.

### III. JURISDICTION & VENUE

15. This case raises a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants conduct substantial business in this District.

## IV. COLLECTIVE ACTION DEFINITION

17. The collective of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current or former telehealth facilitators, including but not limited to, behavioral health liaisons, service coordinators, medical assistants, certified nursing assistants, licensed nursing assistants and emergency medical technicians, retained by Brighter Day Health, LLC and/or MediTelecare as independent contractors, who worked over forty (40) hours in a work week, and were not paid one and one-half times their regular rates of pay for all hours worked over forty (40), at any time within the last three years.

("Collective Members").

## V. FACTS

18. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

19. Defendants employed Plaintiff and Collective Members as telehealth facilitators who were employed to set up patients via telehealth technicians and support clinicians in patient care, all of whom were misclassified by Defendants as independent contractors instead of employees, and were not paid overtime premiums as required by the FLSA.

20. Hours varied from week to week, but Defendant suffered or permitted Plaintiff and Collective Members to regularly work more than forty (40) hours a week throughout the collective period.

21. Defendants' misclassification of Plaintiff and Collective Members as independent contractors and failure to pay them their lawful wages was and is willful. Defendants knew or

4

should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

22. Plaintiff's consent to sue is attached hereto as Exhibit A.

23. Plaintiff is aware of other workers of Defendant who were subject to the same payroll practice.

## VI. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

25. Plaintiff and all putative collective members' are "employees" of Defendants as defined by 29 U.S.C. § 201(e)(1).

26. Defendants' practice and policy of misclassifying Plaintiff and the Collective Members as independent contractors and not paying overtime premiums affects Plaintiff and the Collective Members equally and is a willful violation of the FLSA.

27. The Collective Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of independent contractor status, job duties, pay, and employment practices.

28. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly-situated employees.

29. The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment. All employees, regardless of their precise job requirements or

rates of pay, are entitled to be properly classified and compensated for all hours worked in excess of forty (40) hours per week at the overtime rate.

### VII. VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*

30. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

31. The collective period for this cause of action is three years from the filing of this lawsuit to the present.

32. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendants were and are obligated to pay workers at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of forty (40) hours per week.

33. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendants, because they misclassified employees as independent contractors and failed to pay them the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Plaintiff asserts that Defendants' misclassification was willful.

34. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended if she is successful in prosecuting this action for unpaid overtime wages.

35. Accordingly, this action should move forward as a representative action pursuant to 28 U.S.C. § 216(b) and notice of this action should issue to all other similarly situated individuals employed by Defendants.

36. Pursuant to the FLSA, Plaintiff and Collective Members are entitled to an award of overtime wages, liquidated damages, interest, costs and attorney's fees.

## VIII. RELIEF SOUGHT

**WHEREFORE**, Plaintiff pray for judgment against Defendant as follows:

a. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

b. Judgment that Plaintiff and those similarly-situated are entitled to the overtime protections under the FLSA;

c. Judgment against Defendants for violation of the overtime provisions of the FLSA;

d. Judgment that Defendants' violations of the FLSA were willful;

e. An award to Plaintiff and those similarly-situated in the amount of unpaid overtime wages and liquidated damages;

f. An award of any pre- and post-judgment interest;

g. An award of reasonable attorneys' fees and costs; and

h. For such further relief as may be necessary and appropriate.

Dated: June 18, 2019

Respectfully Submitted:

*/s/ Philip Bohrer*
Philip Bohrer (TX Bar No. 00792194)
Scott E. Brady
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com